O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNE CONSTRUCTION INC., THOMAS MICHAEL TOWNE, MARC THOMAS TOWNE, AMERICAN CONTRACTORS INDEMNITY COMPANY,<br><br>Defendants. | Case №. 2:17-cv-00232-ODW (Ex)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [26]** |

## I. INTRODUCTION

Plaintiffs Carpenters Southwest Administrative Corporation and Board of Trustees for the Carpenters Southwest Trusts (collectively, the "Trust Funds" or "Plaintiffs"), brought suit against Defendants Towne Construction Inc. ("Towne Inc."), Thomas Michael Towne, Marc Thomas Towne, and American Contractors Indemnity Company (collectively, "Defendants") for failure to pay fringe benefit contributions, for defalcation of a fiduciary and failure to pay contractor's license bond. The Trust

Funds move for entry of default judgment against Towne Inc. For the reasons discussed below, the Court **GRANTS** the Motion. (Mot. for Default J. ("Mot."), ECF No. 26.)[1]

## II. FACTUAL BACKGROUND

On or about July 1, 2001, Towne Inc. entered into an agreement ("Memorandum") with Southwest Regional Counsel of Carpenters and its affiliated unions. (Compl. ¶¶ 11, 12, 15.) The Memorandum binds Towne Inc. to the terms of several other agreements including the Southern California Drywall/Lathing Master Agreement, renewals or subsequent Master Labor Agreements, and other multiemployer benefit plan agreements (collectively, "Agreements"). (Compl. ¶¶ 9, 16.) Under the Agreements, Towne Inc. was obligated to pay fringe benefit contributions for every hour worked by employees performing services covered by the Agreements and provide monthly reports of the benefit due. (Compl. ¶¶ 17–18.) However, Towne Inc. failed to pay the fringe benefits for its employed workers covered by the Agreements. (Compl. ¶¶ 20–21.) Thus, per the terms of the Agreements, Towne Inc. is liable to pay liquidated damages, interest, contributions owed, and attorneys' fees. (Compl. ¶¶ 19–24.)

On January 11, 2017, the Trust Funds filed a complaint against Defendants for failure to pay fringe benefit contributions, for defalcation of a fiduciary and failure to pay contractor's license bond. (*See* Compl.) The Trust Funds served the complaint on Defendants on January 12, 2017. (Proof of Service, ECF No. 7.) On March 31, 2017, the Court granted the stipulation to dismiss the case without prejudice subject to reopen if the settlement is not consummated. (Order, ECF No. 15.) On August 13, 2019, Plaintiffs filed an ex parte application to reopen the case which the Court granted. (Ex Parte Appl., ECF No. 16; Ex Parte Order, ECF No. 17.) The Court ordered Defendant Towne Inc. to respond within 21 days. (*See* Ex Parte Order.) On August 15, 2019, Plaintiffs served Towne Inc. the Ex Parte Order, but as Towne Inc. failed to appear,

---

[1] After considering the moving papers, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

they requested that the Clerk enter default against Towne Inc. on September 6, 2019. (Req., ECF No. 21.) The Clerk entered a default on September 10, 2019. (Default by Clerk, ECF No. 25.) On October 22, 2019, the Trust Funds filed the instant Motion for Default Judgment ("Motion"). (*See* Mot.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant a default judgment after the Clerk enters a default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing (a) when and against which party default was entered; (b) identification of the pleading to which default was entered; (c) whether the defaulting party is a minor, incompetent person, or active service member; (d) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and that (e) the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1. Finally, if the plaintiff seeks unliquidated damages, Local Rule 55-2 requires the plaintiff to give notice to the defaulting party of the amount sought. C.D. Cal. L.R. 55-2.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, a court must consider several factors, including: (1) the possibility of prejudice to a plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Upon entry of default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint are

accepted as true, except those pertaining to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

## IV. DISCUSSION

### A. Procedural Requirements

The Court finds that the Trust Funds have complied with the relevant procedural requirements for entry of default judgment. Counsel submits a declaration attesting that: (a) the Clerk entered a default against Towne Inc. on September 10, 2019; (b) the default was entered on the original complaint filed by the Trust Funds on January 11, 2017; (c) Towne Inc. is not an infant or incompetent person; (d) Towne Inc. is not covered under the Servicemembers Civil Relief Act; and (e) the Trust Funds served Towne Inc. with notice of the request for entry of default (additional notice was not required per Local Rule 55-2). (Decl. of Casey Jensen ("Jensen Decl.") ¶¶ 3–6, ECF No. 26-9; Decl. of Casey Jensen at 3, ECF No. 24-1.) Accordingly, the procedural requirements are satisfied.

### B. *Eitel* Factors

The Court finds that the *Eitel* factors weigh in favor of entering a default judgment. The Court discusses each factor in turn.

#### 1. Plaintiffs Would Suffer Prejudice

The first *Eitel* factor asks whether the plaintiff will suffer prejudice if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Denial of default leads to prejudice when it leaves a plaintiff without a remedy or recourse to recover compensation. *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). As Towne Inc. has failed to appear in the action, if default judgment were denied, the Trust Funds would be unable to recover the delinquent contributions owed by Towne Inc. Therefore, this factor favors entry of a default judgment.

#### 2. Plaintiffs Has Adequately Pleaded a Meritorious Claim

The second and third *Eitel* factors "require that a plaintiff 'state a claim on which

[it] may recover.'" *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). The Trust Funds assert a claim for delinquent contributions under the Employee Retirement Income Security Act ("ERISA"). (Compl. ¶¶ 12–30.) Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan . . . shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see also Winterrowd v. David Freedman & Co.,* 724 F.2d 823, 826 (9th Cir. 1984) (holding that employer's failure to contribute agreed-upon amount to pension fund covering agricultural workers was an ERISA violation). If the employer fails to make contributions as required, the plan or a plan fiduciary may bring an action to recover the unpaid contributions. *See* 29 U.S.C. § 1132(d)(1); *see e.g., Bd. of Trs. of Bay Area Roofers Health & Welfare Tr. Fund v. Westech Roofing*, 42 F. Supp. 3d 1220 N.D. Cal. 2014).

Here, Towne Inc. must make contributions to a multiemployer plan, and submit true, complete, and accurate written monthly contribution reports. (*See* Decl. of Norma Guerrero ("Guerrero Decl.") ¶¶ 10–11, 14, ECF No. 26-2.) However, Towne Inc. submitted its report late or failed to pay fringe benefit contributions from March 2013 through August 2013, October 2013 through January 2017, April 2017, July 2017, September 2017, and November 2017 through July 2018. (*See* Decl. of Chris Hidalgo ("Hidalgo Decl.") ¶ 11, ECF No. 27.) Clearly, Towne Inc. is obligated under the terms of the Memorandum to make contributions to the Trust Funds, a multiemployer plan, and its failure to make such contributions constitutes a violation of ERISA section 515. *See* 29 U.S.C. § 1145. Thus, this factor weighs in favor of default judgment.

3. <u>The Amount at Stake Weighs in Favor of Default Judgment</u>

To determine whether the damages sought are proper for the scope of default judgment, "the court must consider the amount of money at stake in relation to the seriousness of [d]efendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). The Trust Funds request fringe benefit contributions of $503,885.97, liquidated damages of $496,309.39, prejudgment interest of

$182,222.47, attorneys' fees of $23,603.91, and costs. (Mot. 10.) Because the evidence before the Court shows that Towne Inc. failed to make benefit contributions to the Trust Funds as required under the Memorandum, thereby violating section 1145, and as the requested damages are allowed under section 1132, this factor weighs in favor of default judgment. *See* 29 U.S.C § 1145; 29 U.S.C § 1132(g).

### 4. There is No Possibility of Dispute as to Material Facts

As illustrated in the discussion of the second *Eitel* factor, the Trust Funds sufficiently allege that Towne Inc. failed to make benefit contributions as required under the Memorandum. It is well established that "[u]pon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177. As Towne Inc. neither responded to the complaint nor introduced evidence to counter the Trust Funds' claims, "no factual disputes exist that would preclude the entry of default judgment." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1013 (C.D. Cal. 2014).

### 5. There is Little Possibility Default was Due to Excusable Neglect

The Trust Funds effected proper service under Federal Rule of Civil Procedure 4(e) by substituted service permitted by the California Code of Civil Procedure. (*See* Proof of Service.) As such, there is no evidence of excusable neglect because Towne Inc. was notified not only of the lawsuit, but also about a possible entry of a default. Therefore, this factor also weighs in favor of default judgment.

### 6. Policy for Deciding on the Merits Weighs in Favor of Granting Default Judgment

In *Eitel*, the court maintained that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. While this factor will always disfavor the entry of judgment, it alone does not outweigh the other factors that clearly favor entry of judgment. The Court thus concludes that the *Eitel* factors favor the Court entering a default judgment against Towne Inc.

**C.     Amount of Judgment**

   **1.     Damages**

In an action to recover delinquent contributions, the Court must award the following:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
>    (i) interest on the unpaid contributions, or
>    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes*, 559 F.2d at 560; *see also Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012) ("[A]llegations of the amount of damages suffered are not necessarily taken as true."). For the purposes of a default judgment in an ERISA action, audit reports are sufficient to establish the amount of underpaid contributions, interest, and liquidated damages. *See Cent. Cal. IBEW/NECA Pension Tr. v. Ozzimo Elec., Inc.*, No. C 13-03800 JSW, 2015 WL 1883906, at *3 (N.D. Cal. Apr. 22, 2015); *Bd. of Trs. of Laborers Health & Welfare Tr. Fund for N. Cal. v. C & L Coatings, Inc.*, No. C 12-1368 PJH (MEJ), 2012 WL 7748318, at *7 (N.D. Cal. Dec. 18, 2012); *Bd. of Trs. v. KMA Concrete Const. Co.*, No. C-10-05774 JCS, 2011 WL 7446345, at *3 (N.D. Cal. Dec. 20, 2011). Courts have also considered monthly reports from contributors as well. *Bay Area Painters v. Alta Specialty*, No. C06-06996 MJJ, 2008 WL 114931, at *4 (N.D. Cal. Jan. 10, 2008) (relying on monthly contribution reports created by Defendants to calculate contributions owed). However, conclusory declarations alone

are insufficient to support the amount of damages in a default judgment. *See Rubicon Glob. Ventures, Inc. v. Chongqing Zongshen Grp. Imp./Exp. Corp.*, No. 3:05-CV-01809-HA, 2013 WL 4498829, at *1 (D. Or. Aug. 20, 2013), *aff'd in part, vacated in part sub nom. Rubicon Glob. Ventures, Inc. v. Chongquing Zongshen Grp. Imp./Exp. Corp.*, 630 F. App'x 655, 658 (9th Cir. 2015) (vacating the default judgment where Plaintiffs' own conclusory declarations were the basis of the damages calculation and a hearing was not held).

The Court determines that the Trust Funds seek the following amounts in damages: (1) fringe benefit contributions of $503,885.97, (2) liquidated damages of $496,309.39, (3) prejudgment interest of $182,222.47. (Hidalgo Decl. ¶ 14; Mot. 11.) Here, the Trust Funds proffers Towne Inc.'s monthly reports as proof of its missed payments of fringe benefit contributions. The Trusts Funds attach the monthly reports and a summary of the reports as an exhibit to Mr. Hidalgo's declaration. (Hidalgo Decl. ¶¶ 11–12; Hidalgo Decl. Ex. 8, ECF Nos. 28–41; Hidalgo Decl. Ex. 9, ECF No. 27-2.) The Trust Funds also attach interest calculations and a total breakdown. (Hidalgo Decl. ¶¶ 12–14; Hidalgo Decl. Ex. 10, ECF No. 27-3; Hidalgo Decl. Ex. 11, ECF No. 27-4.) The Court finds the attached evidence satisfactory. *See Bay Area Painters*, 2008 WL 114931, at *4. Accordingly, the Court awards **$503,885.97** in missed contribution payments, **$496,309.39** in liquidated damages**,** and **$182,222.**47in prejudgment interest.[2] The total damages are **$1,187,417.83**.

---

[2] Liquidated Damages were calculated by taking 10% of the delinquent contributions. (*See* Hidalgo Decl. ¶12.) Interest was calculated by taking 7% per annum of the delinquent contributions. (*See* Hidalgo Decl. ¶¶ 12–13.)

8

### D. Attorneys' Fees

According to Local Rule 55-3, a judgment of this amount would entitle Plaintiffs to attorney's fees of $27,348.36 (2% of the amount over $100,000.00 ($1,087,417.83) equals $21,748.36, plus $5600). C.D. Cal. L.R. 55-3; s*ee e.g. Constr. Laborers Tr. Funds for S. Cal. Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1203 (C.D. Cal. 2018); *Bd. of Directors of Motion Picture Indus. Pension Plan v. Supremacy The Movie, LLC*, No. 2:16-CV-00103-SVW-SS, 2016 WL 11527306, at *3 (C.D. Cal. June 2, 2016) (awarding attorneys' fees pursuant to Local Rule 55-3). Here, the Trust Funds request attorneys' fees lower than those awarded by the fee schedule—in the amount of $23,603.91. (Jensen Decl. ¶ 7.) As the Court deems that an award of attorney's fees calculated based on the Local Rule schedule is reasonable, the Court awards **$27,348.36.** As Trust Funds fails to specify its litigation costs, the Court awards none.

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion for Default Judgment as to Defendant Towne Inc. and awards the following:

1. **$503,885.97 in missed contribution payments,**
2. **$496,309.39 in liquidated damages,**
3. **$182,222.47 in prejudgment interest, and**
4. **$27,348.36 in attorney's fees.**

**IT IS SO ORDERED.**

March 9, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**